IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60800
Conference Calendar

_____

TROBY D. BENSON,

Plaintiff-Appellant,

versus

KIRK FORDICE, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:95-CV-141-PG
- - - - - - - - - -
December 10, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Troby D. Benson, Mississippi prisoner # 45675A, appeals the
district court's 28 U.S.C. § 1915A dismissal of his 42 U.S.C.
§ 1983 action.  Benson argues that the district court abused its
discretion in summarily dismissing his complaint because the
court failed to entertain his valid theory of recovery under the
Constitution.  He argues that he stated a claim of malicious
prosecution with regard to the burglary charge, that such a claim
is not barred by Heck v. Humphrey, 512 U.S. 477 (1994), that the
defendants are not immune, and that the statute of limitations

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was tolled by the defendants' actions in fraudulently concealing the facts underlying his action.

The facts underlying his claims are set forth in the Mississippi Supreme Court opinion affirming his conviction. Benson v. State, 551 So. 2d 188 (Miss. 1989). Benson was convicted for the acts for which he was arrested and for which he was detained for those four months prior to his indictment on the robbery charge. His challenge to the existence of probable cause to detain him during that time until the grand jury returned an indictment would implicate the validity of his conviction. See Heck, 512 U.S. at 486-87. The district court did not err in dismissing Benson's complaint as frivolous pursuant to § 1915A. See Ruiz v. United States, ___ F.3d ___ (5th Cir. Nov. 20, 1998, No. 97-20950).

Benson' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2. We caution Benson that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Benson is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED AS FRIVOLOUS.